Argued July 14, affirmed September 7, 1960

## LARSON *v.* HANSEN ET AL
355 P. 2d 234

*John C. Anicker, Jr.,* Oregon City, argued the cause for appellants. With him on the brief were Jack, Goodwin & Santos, Oregon City.

*Robert L. Kincart,* Oregon City, argued the cause

for respondent. With him on the brief were Hibbard, Jacobs & Caldwell, Oregon City.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, O'CONNELL and MILLARD, Justices.

O'CONNELL, J.

The plaintiff seeks to recover damages for personal injuries suffered as a result of falling from a ladder while in defendants' employment. The defendants deny the charge of negligence alleged in the complaint, and further defend on the ground that the plaintiff signed an instrument by the terms of which plaintiff, for a consideration of $384, released defendants from all claims arising out of the accident. Plaintiff's reply attacks the validity of the release, alleging that he was induced to sign it as a result of misrepresentations made by Harold Young, an insurance adjuster who represented defendants' insurance carrier. Defendants moved for a directed verdict, which motion was denied.

The jury returned a verdict for plaintiff in the amount of $2,600 general damages, and $2,400 special damages. Defendants moved for a judgment notwithstanding the verdict, which was denied, whereupon defendants appealed.

The sole error assigned is the trial court's refusal to direct a verdict for the defendants. Defendants' appeal, therefore, rests upon the assertion that there is not sufficient evidence from which the jury could find that the release was invalid. The plaintiff argues that the release was obtained by the misrepresentations of Young, the insurance adjuster. If their is substantial evidence supporting this contention, the judgment must be affirmed. *Smith v. Ind. Hosp. Assn.*, 194 Or 525, 532, 242 P2d 592 (1952); *Fish v.*

*Southern Pacific Co.,* 173 Or 294, 301; 143 P2d 917, 145 P2d 991 (1943); *Allister v. Knaupp,* 168 Or 630, 643, 126 P2d 317 (1942).

In support of his point, plaintiff relies upon two alleged instances of misrepresentation. We shall examine only one of these, and in so doing consider the evidence most favorable to the plaintiff, as we must in testing the sufficiency of the evidence on defendants' motion for a directed verdict. *Phillips v. Colfax Company, Inc.,* 195 Or 285, 302, 243 P2d 276, 245 P2d 898 (1952); *Allister v. Knaupp,* supra; *Cooper v. North Coast Power Co.,* 117 Or 652, 657, 244 P 665, 245 P 317 (1926). The release was obtained by Young, the insurance adjuster, when plaintiff was still in the hospital. Young represented to plaintiff that he, Young, had talked with plaintiff's doctor about the extent of plaintiff's injuries. Young stated that the doctor informed him that plaintiff would be working in six to eight weeks. Plaintiff's doctor testified that he did not recall having a conversation with Young. Plaintiff's doctor further testified that he had filled out an insurance form in which he had estimated the plaintiff's confinement in the hospital. This he referred to in his testimony as "possible confinement and disability confinement." He did not estimate the plaintiff's disability nor the length of time plaintiff would be unable to work. There was, therefore, a serious discrepancy between the doctor's and Young's version of what was said and whether there was, in fact, a conversation between them. If the jury disbelieved Young and believed plaintiff and plaintiff's doctor, a misrepresentation was made out. That is all that plaintiff is required to show to sustain the verdict.

The judgment must be affirmed.